# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| In re:<br><br>Demontae Moore,<br><br>Debtor. | Eastern Division<br>Hon. Jacqueline P. Cox<br><br>Case No. 19-bk-15464<br>Chapter 13<br><br>Hearing Date: July 22, 2019<br>Hearing Time: 10:30 a.m. |

# Objection to
# Plan Confirmation

The City of Chicago ("City") objects to confirmation of Debtor Demontae Moore's proposed chapter 13 plan. The plan as proposed does not comply with the requirements of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Code"), and thus cannot be confirmed.

## Treatment of the City's Claim

The City has a secured claim in the amount of $10,472.15. *See* Claims Register 4-1. The Debtor has filed a chapter 13 plan [Docket 6] ("Plan") which provides that the City's secured claim for utility charges will be paid in regular monthly

payments; see Plan, § 3.2. The amount of the proposed payment is $25.00 per month. *Id.*

## REQUIREMENTS FOR CONFIRMATION

Section 1325(a)(5) of the Code, 11 U.S.C. § 1325(a)(5), provides three ways for a debtor to deal with secured claims in a plan. Paragraph 1325(a)(5)(A) allows for confirmation if the creditor accepts the plan, but the City does not accept the Debtors' proposed treatment of its claim. The Debtor is not proposing to surrender the collateral securing the City's claims (a house), which would satisfy paragraph 1325(a)(5)(C). So, to confirm a plan, the Debtor must provide the City with the treatment mandated by, *inter alia*, paragraph 1325(a)(5)(B)(ii), which, as it relates to this case, requires that, with respect to each allowed secured claim provided for by the plan,

> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim[.]

## OBJECTION: INSUFFICIENT PAYMENTS

As noted, the City has a secured claim in the amount of $10,472.15. The Plan proposes to pay the City $25.00 per month. The term of the Plan per section 2.1 is 36 months, which would result in payment of $900, i.e., less than 10% of the City's claim. Even if the plan term were extended to 60 months, payments would still total only $1,500, nowhere near the claim amount. To pay the City's claim within the five year maximum plan term, monthly payments would need to be approximately $175; to complete in 36 months, approximately $291. The treatment currently provided constitutes payment of less than the amount of the City's

secured claim, in violation of Section 1325(a)(5)(B)(ii). Because the Plan violates this provision, it cannot be confirmed.

# CONCLUSION

For the foregoing reasons, the Plan does not comply with Section 1325(a), and therefore confirmation should be denied.

DATED: JUNE 27, 2019

RESPECTFULLY SUBMITTED,

**THE CITY OF CHICAGO**

Mark Flessner
Corporation Counsel

By: /s/ Charles A. King
    Assistant Corporation Counsel

David P. Holtkamp (6298815)
Senior Assistant Corporation Counsel
Charles A. King (6216362)
Assistant Corporation Counsel
**CITY OF CHICAGO, DEPARTMENT OF LAW**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel: (312) 742-0019
Email: David.Holtkamp2@cityofchicago.org
       Chuck.King@cityofchicago.org

## CERTIFICATE OF SERVICE

I, Charles A. King, an attorney, hereby certify that on June 27, 2019, I caused a copy of the attached City of Chicago's Objection to Plan Confirmation to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ Charles A. King

## SERVICE LIST

**Registrants**
(Via CM/ECF)

Thomas March         tmarch@semradlaw.com

Tom Vaughn           ecf@tvch13.net

Patrick S. Layng     USTPRegion11.ES.ECF@usdoj.gov